EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

J. MICHAEL SEABRIGHT #3753
Assistant U.S. Attorney

TRACY A. HINO  #3202
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail:  Tracy.Hino@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 2 8 2004

at ___ o'clock and ___ min. ___ M
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MITI MEAFOU and (01)<br>GAGAU MEAFOU, (02)<br><br>Defendants. | CR. NO. CR04 00044 SOM<br><br>INDICTMENT<br><br>18 U.S.C. §§ 1015(a),<br>1015(c), 1425(b), and<br>1542; 42 U.S.C. § 408<br>(a)(7)(A). |

INDICTMENT

COUNT 1

The Grand Jury charges that:

SEALED
BY ORDER OF THE COURT

On or about July 25, 2001, within the District of

Hawaii, MITI MEAFOU, did for the purpose of applying for United

States Naturalization, willfully, knowingly, and with the intent

to deceive, use a social security account number, assigned by the Commissioner of Social Security on the basis of false information furnished to the Commissioner of Social Security by him and any other person, to wit: that he was born in American Samoa when he was in fact born in Western Samoa.

In violation of Title 42, United States Code, Section 408(a)(7)(A).

## COUNT 2

The Grand Jury further charges that:

On or about July 25, 2001, within the District of Hawaii, GAGAU MEAFOU, did for the purpose of applying for United States Naturalization, willfully, knowingly, and with the intent to deceive, use a social security account number, assigned by the Commissioner of Social Security on the basis of false information furnished to the Commissioner of Social Security by her and any other person, to wit: that she was born in American Samoa when she was in fact born in Western Samoa.

In violation of Title 42, United States Code, Section 408(a)(7)(A).

## COUNT 3

The Grand Jury further charges that:

On or about May 12, 2003, within the District of Hawaii, MITI MEAFOU, did knowingly make a false statement under oath, in a case, proceeding, and matter relating to

2

naturalization and citizenship, that is, he stated that he was born in American Samoa when in fact he was born in Western Samoa.

In violation of Title 18, United States Code, Section 1015(a).

### COUNT 4

The Grand Jury further charges that:

On or about May 12, 2003, within the District of Hawaii, GAGAU MEAFOU, did knowingly make a false statement under oath, in a case, proceeding, and matter, relating to naturalization and citizenship, that is, she stated that she was born in American Samoa when in fact she was born in Western Samoa.

In violation of Title 18, United States Code, Section 1015(a).

### COUNT 5

The Grand Jury further charges that:

On or about June 25, 2003, within the District of Hawaii, MITI MEAFOU, knowingly procured and obtained for himself naturalization as a United States citizen to which he was not entitled, that is, he procured and obtained naturalization based upon his claim that he was born in American Samoa, when in fact he was born in Western Samoa.

In violation of Title 18, United States Code, Section 1425(b).

3

## COUNT 6

The Grand Jury further charges that:

On or about June 25, 2003, within the District of Hawaii, GAGAU MEAFOU, knowingly procured and obtained for herself naturalization as a United States citizen to which she was not entitled, that is, she procured and obtained naturalization based upon her claim that she was born in American Samoa, when in fact she was born in Western Samoa.

In violation of Title 18, United States Code, Section 1425(b).

## COUNT 7

The Grand Jury further charges that:

On or about, June 25, 2003, within the District of Hawaii, MITI MEAFOU did willfully and knowingly make a false statement in an application for a passport with intent to induce and secure for his own use the issuance of a passport under the authority of the United States, contrary to the laws regulating the issuance of such passports and the rules prescribed pursuant to such laws, in that in such application MITI MEAFOU stated that he was born in American Samoa, which statement he knew to be false because he was in fact born in Western Samoa.

In violation of Title 18, United States Code, Section 1542.

4

## COUNT 8

The Grand Jury further charges that:

On or about, June 25, 2003, within the District of Hawaii, GAGAU MEAFOU did willfully and knowingly make a false statement in an application for a passport with intent to induce and secure for her own use the issuance of a passport under the authority of the United States, contrary to the laws regulating the issuance of such passports and the rules prescribed pursuant to such laws, in that in such application GAGAU MEAFOU stated that she was born in American Samoa, which statement she knew to be false because she was in fact born in Western Samoa.

In violation of Title 18, United States Code, Section 1542.

## COUNT 9

The Grand Jury further charges that:

On or about June 25, 2003, within the District of Hawaii, MITI MEAFOU did knowingly use documentary evidence of naturalization and citizenship, and any copy and duplicate thereof, that is, he presented Certificate of Naturalization, No. 27282958 for the purpose of applying for a United States Passport, knowing the same to have been procured by fraud.

In violation of Title 18, United States Code, Section 1015(c).

5

## COUNT 10

The Grand Jury further charges that:

On or about June 25, 2003, within the District of Hawaii, GAGAU MEAFOU did knowingly use documentary evidence of naturalization and citizenship, and any copy and duplicate thereof, that is, she presented Certificate of Naturalization, No. 27282959 for the purpose of applying for a United States Passport, knowing the same to have been procured by fraud.

In violation of Title 18, United States Code, Section 1015(c).

## COUNT 11

The Grand Jury further charges that:

On or about June 25, 2003, within the District of Hawaii, MITI MEAFOU, did for the purpose of applying for a United States Passport, willfully, knowingly, and with the intent to deceive, use a social security account number, assigned by the Commissioner of Social Security on the basis of false information furnished to the Commissioner of Social Security by him and any other person, to wit: that he was born in American Samoa when he was in fact born in Western Samoa.

In violation of Title 42, United States Code, Section 408(a)(7)(A).

6

## COUNT 12

The Grand Jury further charges that:

On or about June 25, 2003, within the District of Hawaii, GAGAU MEAFOU, did for the purpose of applying for a United States Passport, willfully, knowingly, and with the intent to deceive, use a social security account number, assigned by the Commissioner of Social Security on the basis of false information furnished to the Commissioner of Social Security by her and any other person, to wit: that she was born in American Samoa when she was in fact born in Western Samoa.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

7

In violation of Title 42, United States Code, Section 408(a)(7)(A).

DATED: January 28 , 2004 at Honolulu, Hawaii.

A TRUE BILL

/s/

FOREPERSON, GRAND JURY

EDWARD H. KUBO
United States Attorney
District of Hawaii

J. MICHAEL SEABRIGHT
Assistant U.S. Attorney

TRACY A. HINO
Assistant U.S. Attorney

United States v. Miti Meafou & Gagau Meafou
Cr. No. _____
"Indictment"